BANK OF PONCE, Plaintiff and Appellee, *v.* CARMEN HERNÁNDEZ HATCH, Defendant, and MIGUEL HUDO, Defendant and Appellant.

No. 4148. Argued January 24, 1928.—Decided February 20, 1928.

*O. B. Frazer, R. Castro Fernández* and *Carlos J. Torres* for the appellant. *José Tous Soto* and *Fernando Zapater* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Ponce rendered judgment by default against Carmen Hernández, widow and heir of Hatch, and Miguel Hudo, administrator. Miguel Hudo, the administrator, has appealed.

To justify his position that the complaint does not state a cause of action the appellant maintains that before beginning suit for a debt a claim should be presented to the

judicial administrator and he relies on sections 60 and 61 of the Law of Special Proceedings, as follows:

"Section 60.—It shall be the duty of every executor or administrator to pay the valid debts of the decedent within a reasonable time, with the intervention of the heirs, or, in default thereof, of the district court.

"Section 61.—For this purpose he shall publish in a newspaper designated by the judge of the district court a notice to the creditors to present their claims, duly verified, to him, at a place designated by the notice. The notice must be published once a week for two consecutive months. If the executor or administrator doubts the validity of any claim he shall reject it, notifying the claimant in writing thereof. The claimant shall then have the right to make good his claim by instituting the proper action against the administrator of the estate."

The appellant maintains that the last words of section 61 presuppose a claim presented to the administrator and that no cause of action arises until the presentation of a claim and its rejection by the administrator. There is nothing in these sections that imperatively makes it necessary for a creditor to present his claim to the administrator. If the creditor does not do so, he runs the risk of having other creditors preferred as indicated by section 62, as follows:

"Where an action is brought by a creditor on a claim which has not been filed within six months from the publication of the notice to creditors, the executor or administrator shall not be liable for any assets or moneys that he may have paid on account of lawful claims or legacies or shares, before the action was begun."

The service of summons is a sufficient notice to the administrator. If the cause of action only arose on the presentation and rejection of the claim the rights of action could be indefinitely postponed.

In his second assignment of error the appellant insists that he should have been sued in San Juan, where he lived and where the intestate died. An administrator may be sued like any other person and if the district selected is not the

proper one he may move for a change of venue. Otherwise the administrator submits to the jurisdiction of the court. Sections 76 *et seq.*, Code of Civil Procedure.

The third assignment of error in so far as it is not indefinite and frivolous goes to the question of costs. The administrator appeared to attack the jurisdiction of the court.

The appellee says that this attack was frivolous and hence the appearance of the administrator was general, but no authority is cited. In any event there was no appearance after the complainant voluntarily filed an amended complaint. Under the circumstances we think the spirit if not the letter of section 327 of the Code of Civil Procedure should relieve the administrator of fees. We copy the pertinent part of it, as follows:

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided*, That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in action or proceeding." Laws of 1917, vol. 1, p. 206.

The judgment should be modified to exclude fees against the administrator and otherwise affirmed.

Mr. Justice Texidor took no part in the decision of this case.